| JAMES L. CANNELLA, Judge.
Defendant, Premier Sales, Inc. (Premier), appeals from a judgment that awards Plaintiff, Danny Lamonte (Lamonte), attorney fees in the amount of $30,697.85, for the work done on his partially successful appeal in his earlier employment dispute action. For the reasons which follow, we reverse.
In the original suit, Lamonte sued Premier 'for breach of his employment contract, defamation and some incidental damages. Premier was in the business of supplying commercial heating, air conditioning and ventilation systems. Premier decided that it was advantageous to purchase a residential heating and air conditioning business. It learned that La-monte, the owner of such a business, was interested in selling his business. On March 18, 1997, Lamonte sold his 20 year old business to Premier. As part of the agreement, Lamonte agreed that for two years after the sale he would not compete with Premier and Lamonte would be employed by Premier at a $60,000 per year salary for Lamonte, plus some [.^benefits. The agreement provided that either party could terminate the employment contract for material cause.
Six months later, Lamonte’s employment ended. Lamonte contended that Premier breached the employment con *122 tract by terminating his employment without “material cause.” Premier contended that Lamonte left on his own and breached the contract by going back into a competitive business.
Lamonte sued Premier for breach of contract and defamation, demanding damages in the amount of his salary and benefits for the remaining 18 months of the contract, as well as some incidental damages. Premier sued Lamonte for violating the non-competition clause of the contract and for tradename infringement.
The two suits were consolidated for trial. Following trial, the trial court ruled that Lamonte had been fired without material cause and awarded him damages in the amount of his salary and benefits for the remaining 18 months of the contract,'some incidental damages, $20,000 for defamation and $52,000 in attorney fees. The trial court found in favor of Lamonte on the non-competition breach, but against La-monte on the tradename infringement and awarded Premier $20,000 on that claim. Both parties appealed.
On appeal, this Court, affirmed the trial court judgment on the breach of employment contract claim and the award of damages in the amount of the remaining 18 months of salary and benefits. However, this Court, on original hearing, reversed the awards in favor of Lamonte for defamation, the incidental damages and attorney fees. This Court also set aside the award to Premier for trade name infringement. On rehearing, this Court, citing La. R.S. 23:632, reinstated the attorney fee award. Lamonte v. Premier Sales, Inc., 00-0298, 00-10299, (La.App. 5th Cir., 10/18/00), on Rehearing (La.App. 5th Cir.3/5/01), 776 So.2d 493.
After finality of the decision, Lamonte filed a motion in the trial court to assess additional attorney fees for thé work performed on appeal. Following a hearing, the trial court rendered judgment on May 2, 2001, in favor of Lamonte and against Premier, ordering Premier to pay additional attorney fees of $30,697.85. It is from this judgment that Premier appeals, contending that the trial court erred in ordering them to pay additional attorney fees for the legal services rendered on the appeal. We agree.
It is well settled, as expressed in this Court's original opinion in this case, that attorney fees may not be awarded unless agreed to by the parties by contract or authorized by statute. Similarly, attorney fees for work done oh appeal'are only due if agreed to by contract or statutorily authorized, and then, only for the part of the work on appeal that related to the issues for which attorney fees could be awarded. Here, the contract is silent as to attorney fees and there is’ no statutory authority for awarding them based on the facts presented.
La. R.S. 23:632, upon which Lamonte relies, allows for the award of attorney fees only when the employer fails or refuses to comply with the provisions of La. R.S. 23:631. La. R.S. 23:631 requires payment by an employer, within certain specified time periods, of any previously, earned but unpaid wages due at the time of the employee’s termination. There were no such earned but unpaid wages due La-monte at the time he was terminated. The petition refers to wages for one possible vacation day, the payment for which was omitted by oversight, immediately ' paid when discovered, and did not form part of the appeal. Rather, Lamonte’s cause of action for “unpaid wages” was for ^future wages due under a breach of contract claim. Damages for breach of contract, even in the nature of lost wages, do not come under La. R.S. 23:631. Consequently, La. R.S. 23:632 does not provide the *123 statutory authority to award attorney fees, nor does any other statutory provision. Further, the employment contract between the parties did not provide for attorney fees in the event of breach. Therefore, there is no contractual or statutory basis for this award of attorney fees.
The earlier decision of this Court is not controlling on the.issue presented in this appeal because the precise issue presented herein, what 'part of the attorney work on appeal pertained to issues for which attorney fees are authorized, was not previously considered. Based on our review of the appellate record, we find that there was no work done by these attorneys on appeal for which attorney fees are either contractually or statutorily authorized.
Accordingly, for the reasons stated above, we find that the judgment by the trial court awarding $30,697.85 for additional attorney fees due for counsel’s appellate work is reversed. Costs of appeal are to be paid by Lamonte.
REVERSED.
CHEHARDY, J., dissents without reasons.
EDWARDS, J., dissents without reasons.
Denied.