| WOODARD, Judge.
In this expropriation case, the State of Louisiana, through the Department of Transportation and Development (DOTD), appeals the trial court’s award of $150,000.00 in economic losses to Mary Prudhomme, et. al., specifically, Colonel David Jones. We affirm.
ij: :fc íj;
On April 5, 1989, DOTD brought an action to expropriate Mary Prudhomme Jones, Havious Jones, Annie B. Jones Jackson, Tena Jones Thomas, Vivian Jones Bennett, Edna Jones Whitney, Mary Elizabeth Jones Lever, Willie V. Jones Gamble, Colonel David Jones, and Gussie V. Jones Prevot’s (Jones Family) property from Parcel No. 45-1, on West Street, to enable the construction of Interstate 49 and Highway 1208. Consequently, it deposited $42,110.00 into the court registry as the estimated just compensation. On *617 January 20, 1989, however, the Jones Family filed an answer, claiming compensation due in the amount of $200,000.00. Six months later, Colonel David Jones, filed an additional separate answer, seeking $500,000.00 in damages to his farming operation. Subsequently, he filed an amending answer, setting forth a claim for an additional $56,165.39 in damages due to an IRS hen.
Nearly ten years later, on November 17, 1998, DOTD and the Jones Family filed a joint petition in which they agreed to settle their claims for the property taken, as well as for severance damages, both, totaling $57,110.00. Nevertheless, the Family reserved all of their claims for other economic losses.
As previously stated, Colonel Jones filed a claim for other economic losses, specifically, for damages to his farming operation. On March 13, 2000, he filed a first supplemental and amending petition, demanding an additional $29,503.00 for taxes.
The court heard the merits on March 20, 2001, and concluded that Colonel Jones had proven his case by a preponderance of the evidence. Accordingly, it signed a judgment, awarding the Jones’ Family $150,000.00, plus interest, from the date of judicial demand. From this judgment, DOTD perfects this appeal.
| ^Standard of Review
A court of appeal may not set aside a trial court’s finding of fact, absent manifest error or unless it is clearly wrong.[1] As such, in order to reverse the trial court’s judgment, we must find, after reviewing the record in its entirety, that a reasonable factual basis does not exist for the trial court’s finding and that the record establishes that the finding is clearly wrong.[2]
DOTD’S Contribution to Economic Losses
In its first assignment of error, DOTD alleges that the trial court erred in finding that it contributed to and was a cause-in-fact of Colonel Jones’ economic losses.
Colonel Jones presented several witnesses’ testimonies, concerning the condition of his farm prior to and after 1-49 and Hwy 1208’s construction. For example, Mr. Eric Duck, an expert in Civil Engineering, testified that the natural drainage of the property had changed. He declared that, although DOTD’s original work was properly completed, it made no provisions to move the large amounts of water from directly in front of Colonel Jones’ farm to, either, Betty Bayou or to the Chatlin Canal. Furthermore, he testified that the two ditches, which were present, could not accommodate the water; therefore, the excess water continuously flowed onto the farm.
Moreover, even Mr. Jack Manno, DOTD’s hydrologist, testified that DOTD had dumped too much water in front of the farm and that the ditches, simply, could not sufficiently hold the water, which, naturally, resulted in flooding. He stated, “Ahm., the statement as to, were the outfall ditches ah, large enough to handle our design storm that we an, designed the culverts for, no, that, that’s quite obvious. The, they were not.”
Additionally, two of Colonel Jones’ farmhands testified. Both Charles Franklin and Julius Ray Howard stated that Colonel Jones’ farm never flooded prior to the construction project.
La.Civ.Code art. 2315 provides, “[e]very act whatever of man that causes damage to another obliges him by whose fault it hap *618 pened to repair it.” Thus, to ^determine whether DOTD remains liable under the article, we must use the duty-risk analysis.
La.Civ.Code articles 655 and 656 govern property law, regarding surface waters. Article 655 states: “An estate situated below is bound to receive the surface waters that flow naturally from an estate situated above unless an act of man has created the flow.” Article 656 states:
The owner of the servient estate may not do anything to prevent the flow of the water. The owner of the dominant estate may not do anything to render the servitude more burdensome.
DOTD’s construction, inter alia and at the very least, altered the natural draining of surface waters. This alteration was not a result of nature, and was, in fact, an act of man. Therefore, Colonel Jones was not bound to receive such waters. Consequently, we find that DOTD bore a duty to conform its construction in accordance with the natural flow of water, that it breached this duty, and that the risk of flooding was one within the scope of the protection afforded by law.
Thus, we affirm the part of the judgment, holding DOTD liable for Colonel Jones’ economic losses.
Damages
In its second assignment of error, DOTD alleges that Colonel Jones did not present corroborating evidence, regarding his economic losses. While Colonel Jones did not present documentary or expert evidence to establish his damages, he testified about them, giving an itemization, based on his experience as a farmer and livestock producer. Moreover, other witnesses provided supportive testimony. It is obvious, from the trial court’s reasons for judgment, that it relied on all of the above to support its findings and in making its award. In doing so, it acknowledged that the evidence “was lacking in certain elements,” but that it was the best evidence available.
However, it, also, noted in its reasons, when an injured party has sustained some damages because of the tortfeasor, his demands will not be rejected, merely, because he cannot establish the exact amount suffered. Under such circumstances, the trial court may set the quantum within the best of its ability, as the trial court is vested |4with much discretion.[3] Thus, we affirm its award of $150,000.00, plus interest, from the date of judicial demand.
Lastly, in his brief to this court, Colonel Jones requested attorney’s fees. It is well settled that attorney’s fees may not be awarded unless the parties agree to it via contract or if authorized by statute.[4] In addition, attorney’s fees for work done on appeal are available only for the part of the work that relates to the issues for which attorney’s fees could be awarded.[5] Here, there is no statutory authority for awarding them, in the trial court or appellate court, based on the facts presented. Therefore, Colonel Jones is not entitled to them.
CONCLUSION
In 1989, DOTD expropriated a portion of the Jones’ Family property. The parties agreed to a total amount of $57,110.00. Colonel Jones filed an additional claim, demanding $500,000.00 for damages to his *619 farming operation. The trial court awarded Mm $150,000.00, plus interest, from the date of judicial demand. Since we have found no manifest error on the trial court’s part, we affirm the judgment in its entirety and assess all costs against DOTD.
AFFIRMED.

. Stobart v. State through Dep’t of Transp. & Dev., 617 So.2d 880 (La.4/12/93).

. Id.

. Semon v. City of Shreveport, 389 So.2d 438 (La.App. 2 Cir.1980).

. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La.1985).

. Lamonte v. Premier Sales, Inc., 01-1117 (La. App. 5 Cir. 5/29/02); 821 So.2d 120.